.Johnson, C, J., delivered the opinion of the court. The defendant in error has filed his motion to quash the writ of error issued in this case, and the plaintiffs have, also, filed their motion to amend the same so as to correspond with the judgment. The motion to amend, having been interposed before any final action on the one'to quash, is in apt time, and will, consequently, receive the consideration of this court. The defendant insists that the writ ought to be quashed, 1st, because it does not contain the individual names of the plaintiffs as set forth in the judgment; and 2d, because the writ states a judgment in favor of Hiram A. Berry only, when the record shows that it was rendered in favor of Eli Bentley and said Berry as late partners, &c. The objections to the writ are well .founded, and fully sustained by the facts. The question then arises whether they are sufficient to quash and dismiss it. It is a rule which admits of no exception, that the writ must, in every essential particular, correspond with the judgment. It would be difficult to conceive of a more material or fatal variance between the judgment as described in the writ, and the one certified in the transcript, than the omission of one of the defendants. We think it clear, therefore, that there is not such a correspondence between the writ and the judgment sought to be reversed „as is required by the law, and that therefore the motion ought to be sustained, and the writ quashed. The question now recurs whether the defect is of that character which will admit of amendment. The statute provides that “the .court in which any action may be pending shall have power to amend any process, pleading or proceeding in said action in form or substance for the furtherance-of justice, on such terms as may be just, at any time before final judgment rendered therein.” Would this statute sanction such an amendment as to bring a new party before the court, and that too without ever having been served with notice of the proceeding against him? We imagine not. The statute requires all the parties, whose rights are to be affected by the decision of this court, to be notified to appear and defend the action. The defendant, Bentley, has a judgment in his favor in the court below, and the plaintiffs are now seeking to reverse that judgment, and without having taken any steps to bring him before this court. There is nothing in the record showing that he has been apprised of the present proceeding, and the statute of amendments certainly could not be so expanded as to bring a new party before the court, without giving him notice in some of t[ie modes prescribed by law! But it is contended that Bentley is no party to the judgment, as he was not served with the writ of garnishment issued in this case in the court below. There is no showing that the garnishment was executed upon him, yet he appears in the record of the judgment, and the only presumption there can arise is, that he waived the service, which he had a right to do, and submitted himself to the jurisdiction of the court by entering his voluntary appearance to the action. He being a party to the judgment below, and that judgment being in his favor, he is most unquestionably entitled to notice of any proceeding by which it is sought to be reversed. For these reasons, we think the writ of error in this case ought to be quashed and dismissed.. Writ quashed.